IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
FRED NEKOUEE,                    )
                                 )
      Plaintiff,                 )
                                 )    CIVIL ACTION NO.
      v.                         )    2:18cv134-MHT
                                 )         (WO)
BROWN MAXWELL INVESTMENTS,       )
LTD.,                            )
                                 )
      Defendant.                 )
```

OPINION

On February 26, 2018, plaintiff filed a complaint for declaratory and injunctive relief under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., in which he names Brown Maxwell Investments, Ltd., as the only defendant. *See* Complaint (doc. no. 1). Pursuant to Federal Rule of Civil Procedure 4(m), plaintiff was required to serve the defendant within 90 days after the complaint was filed. The time for plaintiff to serve this defendant has expired, and plaintiff has taken no action with respect

to this case since the filing of the complaint in February 2018.

Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P 4(m). However, "[i]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

On January 3, 2019, the United States Magistrate Judge entered an order directing plaintiff to show cause as to why this case should not be dismissed without prejudice due to plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m). *See* Order to Show Cause (doc. no. 4). The response to the court's show-cause order was due January 11, 2019. *See id.* To date, plaintiff has failed to respond.

Plaintiff has not sought additional time to effect service, nor has he shown any cause, good or otherwise, to excuse his failure to timely serve defendant. From the limited facts before the court, the court finds plaintiff's failure to serve the defendant timely is not supported by good cause. The court concludes that dismissal of this action is warranted, albeit without prejudice.

An appropriate order will be entered.

DONE, this the 26th day of March, 2019.

                                           /s/ Myron H. Thompson
                                       **UNITED STATES DISTRICT JUDGE**